Gary L. Sirota (State Bar No. 136606)
Robert Berkowitz (State Bar No. 227888)
COAST LAW GROUP
169 Saxony Road, Suite 204
Encinitas, CA 92024
TEL: (760) 942-8505
FAX: (760) 942-8515
EMAIL: RBerkowitz@CoastLawGroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT,

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRACTIONAL VILLAS, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STARFISH COASTAL PROPERTIES, LLC, a Georgia Limited Liability Company; KENNETH CHRIS SHELDON, an Individual; ERIN PAIGE SHELDON, an Individual; and DOES 1 - 25,<br><br>Defendants. | Case No. 08 CV 0968 JAH LSP<br><br>**FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>**1. INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. TX-6-613-055**<br>**2. CALIFORNIA STATE UNFAIR COMPETITION VIOLATIONS**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>Judge: Hon. John Houston<br><br>Magistrate Judge: Hon. Leo S. Papas<br><br>Demand for Jury Trial |

Plaintiff FRACTIONAL VILLAS, INC. ("Plaintiff") alleges as follows:

**PARTIES**

1.  Plaintiff FRACTIONAL VILLAS, INC. ("FVI") is, and at all relevant times was, a corporation organized and existing under the law of California and has its principal place of business in Del Mar, California. Plaintiff FVI markets, advertises, and sells fractional ownership

1  interests in luxury properties. Plaintiff FVI's website, www.FractionalVillas.com, is a
2  fundamental part of Plaintiff's business in that it is a primary means for promoting the Plaintiff's
3  services.
4      2.    On information and belief, Defendant STARFISH COASTAL PROPERTIES,
5  LLC ("Starfish") is a Georgia limited liability company, its principal office address is P.O. Box
6  2898 in Tybee Island, Georgia, and its registered agent is Defendant ERIN PAIGE SHELDON at
7  13 14th Street, Tybee Island, GA 31328.
8      3.    On information and belief, Defendants KENNETH CHRIS SHELDON ("Kenneth
9  Sheldon") and ERIN PAIGE SHELDON ("Erin Sheldon") (collectively the "Sheldon
10 Defendants") reside at 909 Howard Street in Savannah, Georgia.
11     4.    On information and belief, the Sheldon Defendants, own, operate, or are
12 otherwise affiliated with Defendant Starfish.  On information and belief, Defendant Erin Sheldon
13 owns the domain name starfishcoastalproperties.com.
14     5.    The true names and capacities, whether individual, corporate, or associate, or
15 otherwise, of Defendant Does 1 through 25 inclusive ("DOES"), are at this time unknown to
16 Plaintiff, who therefore identifies such Defendants by said fictitious names.  Plaintiff is informed
17 and believes and thereon alleges that said fictitiously named Defendants, and each of them, are
18 responsible for the events and happenings herein referred to, and negligently, recklessly, and/or
19 intentionally proximately caused the injuries and damages alleged herein to Plaintiff.
20     6.    Plaintiff is informed and believes and thereon alleges that at all times relevant
21 hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-
22 ego, and/or employee of the remaining Defendants and was at all times acting within the scope
23 of such agency, affiliation, alter-ego relationship, and/or employment. Plaintiff is informed and
24 believes and thereon alleges that at all relevant times each of the Defendants actively participated
25 in or subsequently ratified or adopted, or both, each and all of the acts or conduct alleged, with

full knowledge of all the facts and circumstances including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff caused thereby.

## **JURISDICTION**

7. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

8. On information and belief, personal jurisdiction in this District is proper because Defendants knew Plaintiff's principal place of business was and is in the Southern District of California. Defendants purposefully directed activities into the Southern District of California by willfully disseminating over the Internet copyrighted works owned and controlled by Plaintiff without the consent or permission of the Plaintiff, the copyright owner.

9. On information and belief, Defendants' illegal dissemination of Plaintiff's copyrighted work occurred in every jurisdiction in the United States, including this one.

10. Plaintiff's causes of action against Defendants arise directly out of Defendants' purposeful direction of activities into the Southern District of California.

## **VENUE**

11. Venue is proper in this court under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) as Defendants have purposefully directed activities at this forum, including willfully infringing Plaintiff's copyright with knowledge that Plaintiff's principal place of business is in this forum. Moreover, Defendants market, advertise, and sell fractional ownership of properties to consumers and businesses in the Southern District of California.

## **ALLEGATIONS IN SUPPORT OF ALL CLAIMS**

12. Plaintiff FVI is the owner of Copyright Registration No. TX-6-613-055, entitled "Fractional Villas.com website (www.fractionalvillas.com)" ("the Copyright"). A true and correct copy of the registration is attached hereto as Exhibit "A"). The Copyright was filed

1  October 11, 2007, and the registration is effective the same date. The Copyright pertains to a
2  website offering fractional ownership in luxury properties.

3      13.    The work (the "Work") protected by Copyright Registration No. TX-6-613-055 is
4  a work of authorship fixed in a tangible medium of expression that contains a substantial amount
5  of material created by the skill, labor, and judgment of Mr. Robert K. Vicino, the President of
6  Plaintiff. The Work was first published on October 5, 2007.

7      14.    The Work is a derivative work of prior versions, which were authored by Mr.
8  Vicino and were first published at least as early as March 27, 2005.

9      15.    The Work appears on the FVI website. A copyright notice is clearly and
10  conspicuously displayed on each page. The vast majority of the Work has appeared on the FVI
11  website since August 2005.

12      16.    All rights of copyright were transferred solely and exclusively by Mr. Vicino to
13  Plaintiff FVI.

14      17.    Plaintiff FVI has complied in all respects with the Copyright Laws of the United
15  States and received from the Register of Copyrights the certificate of registration for Copyright
16  No. TX-6-613-055.

17      18.    Defendants are Plaintiff's competitors. Both Plaintiff and Defendants compete for
18  business in the market of fractional ownership interests in luxury properties.

19      19.    Defendants have infringed Plaintiff's Copyright by using portions of the Work in
20  Defendants' Internet sites and/or Internet sites under Defendants' dominion and control, thereby
21  reproducing, publicly performing, and/or creating derivative works of the Work without the
22  consent of Plaintiff FVI.

23      20.    Defendants do not have permission or license from Plaintiff to use any portion of
24  the Work protected by the Copyright.

25
26
27
28

21. Defendants have derived and are deriving economic benefit from the infringement of the Copyright. Plaintiff has been damaged and continues to be damaged by Defendants' infringement. Defendants' infringement of the Copyright has diverted potential customers away from Plaintiff FVI's Internet site because Defendants posted the copyrighted work on the website http://www.starfishcoastalproperties.com to earn income from the sale of fractional ownership in luxury properties. Plaintiff contends the unauthorized reproduction of the Work initially occurred in or before November 2007 on http://www.starfishcoastalproperties.com, and continued until at least June of 2008.

22. Defendants' infringement is exacerbated by the fact that the infringing websites were indexed by major search engines and broadcast worldwide in response to keyword searches. Plaintiff FVI's business and reputation were irreparably harmed by the confusion caused by the publication of the infringed material.

23. Plaintiff has been damaged and continues to be damaged by Defendants' infringement.

24. Plaintiff alleges that each Defendant is aware their website infringes United States Copyright Registration No. TX-6-613-055. Nevertheless, Defendants have blatantly usurped Plaintiff's concept and have taken the content from Plaintiff FVI's website and claimed it as their own.

## FIRST CAUSE OF ACTION:

## INFRINGEMENT OF U.S. COPYRIGHT TX-6-613-055

## AS AGAINST ALL DEFENDANTS

25. Plaintiff incorporates by reference the paragraphs as set forth above.

26. Plaintiff FVI is the owner of the Copyright, the Work, and all rights appurtenant thereto.

27. Defendants have infringed Plaintiff's Copyright by using portions thereof on their website at http://www.starfishcoastalproperties.com without Plaintiff's consent.

28. Upon information and belief, Plaintiff alleges that Defendants' infringement, inducement of infringement, and/or contributory infringement of the Copyright has been willful, deliberate, knowing, and with wanton disregard of Plaintiff's ownership of the Copyright.

29. Upon information and belief, Plaintiff alleges that Defendants will continue to infringe, continue to induce others to infringe, and/or continue to contributorily infringe the Copyright to Plaintiff's irreparable damage unless enjoined by this Court.

30. Plaintiff has been damaged by the foregoing infringing acts of Defendants in an amount that exceeds $150,000. The exact amount of such damages can be determined upon an accounting.

## SECOND CAUSE OF ACTION:
## CALIFORNIA UNFAIR COMPETITION VIOLATIONS
## AS AGAINST ALL DEFENDANTS

31. Plaintiff incorporates by reference the paragraphs as set forth above.

32. Plaintiff is informed and believes and on that basis alleges that Defendants' intentional infringement of the Copyright constitutes unfair competition under state law, including without limitation Cal. Business & Professions Code §§ 17200 et seq. By reason of the conduct alleged herein, Defendants are guilty of malice, oppression, and willful disregard of the rights of Plaintiffs.

33. Plaintiff is informed and believes and thereon alleges that Defendants' intentional infringement of the Copyright is an unlawful, unfair, and/or fraudulent business act or practice and constitutes unfair competition under California state law. Defendants compete with Plaintiff for customers by infringing Plaintiff's Copyright.

34. Plaintiff is informed and believes and thereon alleges that Defendants' improper and unlawful acts as alleged herein constitute unfair, deceptive, untrue, and misleading advertising, in that Defendants appear to represent to the public that the website http://www.starfishcoastalproperties.com is comprised of unique material, and do not give credit to Plaintiff for the Work.

35. By reason of the conduct alleged herein, Defendants are guilty of malice, oppression, and willful disregard of the rights of Plaintiff FVI.

36. Defendants' unlawful, unfair, deceptive, and fraudulent business practice and unfair, deceptive, untrue, and misleading advertising constitutes despicable, outrageous, oppressive, and malicious conduct under California Civil Code § 3294 and justifies an award of exemplary and punitive damages against Defendants, and each of them.

37. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff FVI has sustained and will sustain injury to its business and property in an amount not yet precisely ascertainable, but which includes the loss of sales of fractional ownership interests in luxury properties and loss of reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this court enter judgment against Defendants as follows:

1. That a temporary restraining order and, subsequently, that a preliminary injunction be granted enjoining Defendants from further infringement of U.S. Copyright Registration No. TX-6-613-055;

2. That a permanent injunction be granted perpetually enjoining Defendants from further infringement of U.S. Copyright Registration No. TX-6-613-055;

3. That a temporary restraining order and, subsequently, that a preliminary injunction be granted enjoining Defendants from advertising, displaying, or broadcasting over the Internet a website that infringes the Copyright or any derivation thereof, or which by

imitation or other similarity to those of the Copyright are likely to cause confusion, mistake, dilution, or persons to be deceived into the belief that Defendants' services are Plaintiff's services or that Defendants and their services are authorized, endorsed, or sponsored by Plaintiff;

4. That a permanent injunction be granted perpetually enjoining Defendants from advertising, displaying, or broadcasting over the Internet a website which infringes on the Copyright, or any derivation thereof, or which by imitation or other similarity to that of Plaintiff is likely to cause confusion, mistake, dilution, or persons to be deceived into the belief that Defendants' services are Plaintiff's services or that Defendants and their services are authorized, endorsed, or sponsored by Plaintiff;

5. That a judgment be entered that Defendants have infringed, actively induced others to infringe, and/or contributorily infringed U.S. Copyright Registration No. TX-6-613-055;

6. That a judgment be entered that Defendants be required to pay over to Plaintiff all damages sustained by Plaintiff due to Defendants' intentional, willful, and malicious infringement of U.S. Copyright Registration No. TX-6-613-055, such damages as this court shall deem just and proper under the Copyright Act, 17 U.S.C. §504, but not less than $150,000 for each separate infringement of Plaintiff's copyright;

7. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed held in constructive trust for the benefits of Plaintiff;

8. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

9. That punitive damages be awarded;

10. That costs and prejudgment interest be awarded on all damages;

11. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 and California Business & Professions Code §§ 17200 et seq.

12. That an order be entered requiring Defendants to deliver up or be impounded during the pendency of this action all copies of copyrighted material in Defendants' possession and infringing U.S. Copyright Registration No. TX-6-613-055;

13. That Defendants be required to file with the court within 30 days after entry of final judgment of this cause a written statement under oath setting forth the manner in which Defendants have complied with final judgment;

14. That Plaintiff be awarded such other and further relief as the court deems appropriate.

Dated: June 30, 2008                              **COAST LAW GROUP, LLP**


                                                  s/Robert Berkowitz

                                                  Robert Berkowitz
                                                  Attorneys for Plaintiff,
                                                  FRACTIONAL VILLAS, INC.
                                                  RBerkowitz@coastlawgroup.com

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



Form TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGIST  TX 6-613-055

EFFECTIVE DATE OF REGISTRATION

Month Oct  Day 11  Year 2007

---

**1  TITLE OF THIS WORK ▼**
FractionalVillas.com website (http://www.fractionalvillas.com)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.  Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2 a  NAME OF AUTHOR ▼**
Robert K. Vicino

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1953   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Internet website including all associated pages, text, photographs, design, code, and graphics.

**b  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3 a  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2007 ◀ Year  *This information must be given in all cases.*

**b  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
*Complete this information ONLY if this work has been published.*
Month ▶ October   Day ▶ 5   Year ▶ 2007
USA ◀ Nation

---

**4  COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
~~Robert K. Vicino~~ **Fractional Villas, Inc.**
985 Jeffrey Road
Del Mar, CA 92014

APPLICATION RECEIVED
OCT 11 2007
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
OCT 11 2007
FUNDS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Transfer of all rights of copyright to Fractional Villas, Inc. by Robert K. Vicino. The company is majority owned by Robert K. Vicino.

---

MORE ON BACK ▶  · Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
· See detailed instructions.  · Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

*Amended by CO Authority Telephone Call on 10/25/07 with Robert K. Vicino.

**Amended by CO per email received on 10/25/07 from Robert K. Vicino.

EXAMINED BY

CHECKED BY

☒ CORRESPONDENCE Yes

FORM TX

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5 PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶        Year of Registration ▶

**6 DERIVATIVE WORK OR COMPILATION**
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior versions of the http://www.fractionalvillas.com website, which was first published on March 27, 2005

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Numerous html code, text, design, graphic, photographic and layout modifications have been made and updated since the original publication, on an ongoing and continuous basis.

**7 DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
a. Name ▼        Account Number ▼

b. CORRESPONDENCE  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

Fractional Villas, Inc., Attn: Robert K. Vicino
985 Jeffrey Road
Del Mar, CA 92014

Area code and daytime telephone number ▶ 619-252-8311        Fax number ▶ 858-228-1772
Email ▶ rvicino@fractionalvillas.com

**8 CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Robert K. Vicino        Date ▶ 10/05/2007

Handwritten signature ▼

**9 Certificate will be mailed in window envelope to this address:**
Name ▼ Robert K. Vicino
Number/Street/Apt ▼ 985 Jeffrey Road
City/State/Zip ▼ Del Mar, CA 92014

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6222

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.